IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 8 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

LUZ R. ANAYA AND                    )
EDWARD GOMEZ,                       )
      Plaintiffs,                )       Civil Action No. 7:05-cv-00431
                                 )
v.                                  )       **MEMORANDUM OPINION**
                                 )
FLORENCE GILROY AND                 )
VINCENTI L. BRICCETTI,              )       By: Hon. Glen E. Conrad
      Defendants.                )       United States District Judge

        Plaintiffs Luz R. Anaya and Edward Gomez, proceeding pro se, filed this civil action without

identifying any specific cause of action or stating what form of relief they seek. Ms. Anaya also

submitted an application to proceed in forma pauperis, which the court granted. The language of the

complaint is extremely difficult to read, but appears to allege that the defendants, Florence Gilroy

and Vincenti L. Briccetti, of Roanoke, Virginia, have violated the plaintiffs' rights by causing

Edward Gomez to be charged with and convicted of trafficking in illegal substances. The complaint

appears to allege that the defendants made false police reports about the plaintiffs to New York

police and that the defendants (and/or other unidentified persons) used black magic or voodoo

against the plaintiffs. Upon consideration of the complaint, the court finds that this action should

be dismissed pursuant to 28 U.S.C. §1915(e)(2),[1] as the complaint fails to allege facts stating any

claim upon which this court could grant relief.

I.

        The complaint, typewritten in misspelled, strangely phrased English, offers a rambling

---

[1] Under this section, the court can dismiss a complaint filed in forma pauperis at any time if
the court concludes that the action is malicious or frivolous, or that it fails to state a claim upon
which relief can be granted.

1

collection of short narratives, interspersed with apparent quotes from unidentified court transcripts or documents and conclusory accusations of wrongdoing. Plaintiffs Gomez and Anaya apparently accuse Defendants Gilroy and Briccetti of making reports to police in White Plains, New York, that Gomez and Anaya were involved with drugs. Edward Gomez was convicted of a drug offense and incarcerated for some time. He was released from the penitentiary in Valhalla, New York, on June 19, 2005, but then had trouble with an apartment. The complaint does not allege that authorities ever brought criminal charges against Anaya.

Another recurrent theme in the complaint concerns black magic and voodoo and appears to concern events from 10 to 25 years ago, at least some of which occurred in Columbia, South America. The complaint alleges that when Edward Gomez was an infant, someone used black magic and voodoo against him and that when Anaya was five years old, someone took possession of three farms in Columbia. On Page 6, the complaint alleges that the people who arrested Edward Gomez are the same people who took the farms away from her father and grandparents. Anaya was allegedly told not to say anything about being sexually abused or "they" would kill her son, Edward Gomez. When Anaya came to the United States in 1983, Gilroy was already here, married with two children, and employed. On Page 5, the complaint accuses the defendants of asking her son to kill, and Anaya states her fears that someone is about to be killed with a gun or "Santaria" (Voodoo).

II.

As stated, plaintiffs do not offer any specific authority under which they bring this action. The court must liberally construe pro se pleadings and allow the plaintiffs to amend unless it is beyond doubt that they could prove no set of facts entitling them to relief. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.

2

1978). A complaint should not be dismissed for failure to state a claim upon which relief may be granted, pursuant to §1915(e)(2), "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." DeLonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). A claim based on inarguable legal conclusions or "fanciful" factual allegations may be dismissed under §1915(e)(2) as frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989) (applying former version of statute, §1915(d)).

Because the primary concern voiced in the instant complaint is the allegedly wrongful conviction of Edward Gomez, the complaint could be construed to raise claims that the defendants violated Gomez's constitutional rights by falsely accusing him of criminal behavior. Such a complaint would arise under 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A person acting under color of state law may be an employee of the state or one acting under the direction of or with the aid of state officials. Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982). Even taking the allegations in the complaint in the light most favorable to the plaintiffs, the court finds it beyond doubt that they could not prove facts consistent with these allegations that would state any claim under §1983 or any other legal ground on which this court could grant relief.[2]

---

[2]Plaintiff Anaya delivered the complaint to the Clerk's Office, but neither of the plaintiffs (mother and son) has signed the complaint or the application to proceed in forma pauperis.

3

First, plaintiffs fail to demonstrate that either of the defendants acted under color of state law in any respect. The complaint offers no suggestion that these defendants are government employees or that in accusing Edward Gomez of drug trafficking, they were acting at the direction of government officials. Even assuming that the defendants received some benefit in their own criminal proceedings because they offered the government assistance in prosecuting Gomez, there is no suggestion that government officials directed them, or aided them, in providing false information against Gomez.

Second, any claim for monetary damages against those involved in the criminal prosecution against Gomez has not yet accrued. Gomez's claims for damages for wrongful conviction caused by others' allegedly unconstitutional conduct will not accrue until a court or other appropriate entity has invalidated the conviction. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[3] The complaint offers no indication that Gomez's conviction has been invalidated or expunged. Therefore, any claim he may have against persons involved with that prosecution is not currently actionable under

---

Moreover, Anaya has no standing to litigate claims on her son's behalf. See Inmates v. Owens, 561 F.2d 260 (4th Cir. 1977)(to state civil rights claim, plaintiff must allege facts demonstrating that she herself has sustained, or will sustained, deprivation of right, privilege or immunity secured by the constitution or federal law). Because the court herein determines that the complaint must be dismissed for failure to state any actionable claim on behalf of either plaintiff, however, the court will not dismiss any portion of the action solely on the issue of standing or the failure of the parties to sign the pleadings.

[3] Under Heck,

in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87.

4

§1983.

Third, to the extent that Gomez might be seeking in this pleading to overturn or invalidate his conviction, he has brought his complaint to the wrong court. Any challenge to his conviction in New York must be brought in that jurisdiction. See, i.e., 28 U.S.C. §2241 (authorizing district court to address habeas challenge to criminal judgment of state courts located within the district court's jurisdiction); 28 U.S.C. §2255 (authorizing any district court to address habeas challenges to convictions/sentences that the court imposed). This court has no subject matter jurisdiction over a challenge to the validity of a conviction or sentence imposed by any court located in New York.

Fourth, the court is satisfied that Plaintiff Anaya cannot prove any facts consistent with her allegations stating any federal claim against these defendants. At the most, the complaint alleges that the defendants made false reports to police that Anaya herself was involved in drug trafficking, suggesting that these reports harmed her reputation. As Anaya does not allege that these reports led to any violation of her constitutionally protected rights, she fails to state any claim actionable under §1983. See Paul v. Davis, 424 U.S. 693 (1976)(finding that defamation is not sufficient to state §1983 claim absent showing that it caused injury to constitutionally protected right).

Plaintiffs fail to allege any factual basis for their asserted claims that defendants or others have used black magic, voodoo or "Santaria" (a form of voodoo) against them. Moreover, Anaya's allegations fail to suggest any possible ground on which this court would have jurisdiction to adjudicate claims concerning alleged wrongdoing by unidentified individuals in Columbia more than twenty years ago. Such claims are certainly barred by an applicable statute of limitations and/or jurisdictional limitations. Without some indication that plaintiffs could prove facts stating an

5

actionable claim, these allegations must be dismissed as frivolous, pursuant to §1915(e)(2). Neitzke, supra.

To the extent that plaintiffs are alleging continued or connected wrongdoing by the defendants within the last two years, they have demonstrated no ground on which this court has jurisdiction. They do not indicate that the defendants' conduct against the plaintiffs violated any specific federal statute and as shown, do not prove state action so as to give rise to any constitutional claim against the defendants. The complaint also suggests no ground on which this court would have diversity jurisdiction over any claims against defendants residing in the same city as one of the plaintiffs. See 28 U.S.C. §1332.

III.

In conclusion, the court finds it beyond doubt that plaintiffs could not prove any set of facts consistent with the allegations in the complaint stating any claim actionable in this court. Other claims are clearly without any arguable basis in fact or law and must be dismissed as legally frivolous. In short, the court concludes that plaintiffs' entire complaint must be dismissed without prejudice, pursuant to §1915(e)(2). An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiffs.

ENTER: This _8th_ day of July, 2005.

_(signature)_

United States District Judge

6